ORIGINAL

JUDGE CASTEL




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

ALEKSANDR VERNER and
ALEXEY BILYUCHENKO,

Defendants.

**SEALED INDICTMENT**

19 Cr.

19 CRIM 936

**COUNT ONE**
**(Conspiracy to Commit Money Laundering)**

The Grand Jury Charges:

Relevant Persons

1. At all times relevant to this Indictment, ALEKSANDR VERNER and ALEXEY BILYUCHENKO, the defendants, were nationals of Russia.

Bitcoin and the Mt. Gox Exchange

2. Bitcoin is a type of digital currency existing entirely on the Internet and not in any physical form. Bitcoins are not issued by any government, bank, or company, but rather are electronically generated, transacted, and tracked through computer software operating on a decentralized "peer-to-peer" network.

3. To acquire Bitcoins in the first instance, a user typically must purchase them from a Bitcoin "exchange."

4. When a user acquires Bitcoins, the Bitcoins are sent to the user's Bitcoin "address," analogous to a bank account number, which is designated by a complex string of letters and numbers. The user can then conduct transactions with other Bitcoin users by transferring Bitcoins to their Bitcoin addresses via the Internet. To authorize a transfer of Bitcoins from an address, a user must use his or her "private key," or password, to conduct the Bitcoin transaction. A user may have multiple Bitcoin addresses and corresponding private keys, which are typically stored in the user's Bitcoin "wallet."

5. All transfers of Bitcoins between users' Bitcoin addresses are recorded in a public online ledger known as the "Blockchain."

6. At all times relevant to this Indictment, Mt. Gox was a Japan-based Bitcoin exchange. During its operation between in or about 2011 and in or about 2014, Mt. Gox was the largest Bitcoin exchange in existence, serving thousands of users throughout the world, including users in the Southern District of New York. Mt. Gox enabled its users, for a fee, to exchange conventional currency, including U.S. dollars, for Bitcoins and to sell Bitcoins for currency. Customers could deposit, store, and withdraw their Bitcoins and currency through the Mt. Gox exchange. Mt. Gox stored the Bitcoin wallets containing its

customers' Bitcoins, and the corresponding private keys used to authorize Bitcoin transfers from those wallets, on a computer server in Japan.

7. In or about February 2014, Mt. Gox ceased operations after it was revealed that the vast majority of the Bitcoins customers had stored on Mt. Gox were missing from Mt. Gox's Bitcoin wallets.

The Mt. Gox Hack

8. In or about September 2011, ALEKSANDR VERNER and ALEXEY BILYUCHENKO, the defendants, and their co-conspirators (the "Hackers") gained and caused others to gain unauthorized access to the Mt. Gox server in Japan, which contained, among other things, the Mt. Gox customer and transaction database and the private keys for Mt. Gox's Bitcoin wallets (the "Mt. Gox Hack"). With unauthorized access to Mt. Gox's server and private keys, the Hackers were able to cause Bitcoins to be transferred at will from Mt. Gox's wallets to Bitcoin addresses controlled by VERNER, BILYUCHENKO, and their co-conspirators.

9. From in or about September 2011 through at least May 2014, ALEKSANDR VERNER and ALEXEY BILYUCHENKO, the defendants, and their co-conspirators, fraudulently caused Bitcoins to be transferred from Mt. Gox's Bitcoin wallets to Bitcoin addresses generated and controlled by VERNER, BILYUCHENKO, and their co-

conspirators. Altogether, using their unauthorized access to Mt. Gox's server and private keys, VERNER, BILYUCHENKO, and their co-conspirators caused the theft of at least approximately 647,000 Bitcoins from Mt. Gox, representing the vast majority of the Bitcoins belonging to Mt. Gox's customers.

The Money Laundering Scheme

10. Between in or about September 2011 through at least May 2014, ALEKSANDR VERNER and ALEXEY BILYUCHENKO, the defendants, and their co-conspirators, conducted numerous financial transactions in furtherance of the scheme to steal Bitcoins from Mt. Gox. These financial transactions were designed to conceal and disguise the location, source, and ownership of the proceeds obtained from the Mt. Gox Hack. Through these transactions, VERNER, BILYUCHENKO, and their co-conspirators engaged in substantial efforts to evade detection of their theft of Bitcoins from Mt. Gox, including by using accounts held in the names of other individuals or shell companies controlled by a co-conspirator not named as a defendant herein.

11. Between in or about September 2011 through at least May 2014, ALEKSANDR VERNER and ALEXEY BILYUCHENKO, the defendants, and their co-conspirators laundered the bulk of the Bitcoins stolen from Mt. Gox principally through Bitcoin

addresses associated with accounts VERNER, BILYUCHENKO, and their co-conspirators controlled at two other online Bitcoin exchanges ("Exchange-1" and "Exchange-2"), as well as a particular user account on Mt. Gox itself.

12. In furtherance of the money laundering scheme, in or about April 2012, ALEKSANDR VERNER and ALEXEY BILYUCHENKO, the defendants, and their co-conspirators, negotiated and entered into a fraudulent contract (the "Advertising Contract") to provide purported advertising services to a Bitcoin brokerage service based in the Southern District of New York (the "New York Bitcoin Broker"). Under the guise of the Advertising Contract, in order to conceal and liquidate the Bitcoins stolen from Mt. Gox, VERNER and BILYUCHENKO made regular requests to the owner and operator of the New York Bitcoin Broker to make large wire transfers into various offshore bank accounts, including in the names of shell corporations, controlled by VERNER, BILYUCHENKO, and their co-conspirators. In accordance with these requests, between in or about March 2012 and in or about April 2013, the New York Bitcoin Broker transferred more than approximately $6.6 million USD to overseas bank accounts controlled by VERNER, BILYUCHENKO, and their co-conspirators. In exchange for the wire transfers, the New York Bitcoin Broker received "credit" on Exchange-1, through which VERNER,

BILYUCHENKO, and their co-conspirators laundered more than 300,000 of the Bitcoins stolen from Mt. Gox. The fraudulent Advertising Contract with the New York Bitcoin Broker enabled VERNER, BILYUCHENKO, and their co-conspirators to conceal and liquidate Bitcoins stolen through the Mt. Gox Hack.

**Statutory Allegations**

13. From at least in or about September 2011 through at least in or about May 2014, in the Southern District of New York and elsewhere, ALEKSANDR VERNER and ALEXEY BILYUCHENKO, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, 1956(a)(1)(B)(i).

14. It was a part and an object of the conspiracy that ALEKSANDR VERNER and ALEXEY BILYUCHENKO, the defendants, and others known and unknown, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, accessing a protected computer without authorization to defraud and obtain value, in violation of Title 18, United States Code, Section 1030(a)(4), knowing that the transactions were designed in whole and in part

to conceal and disguise the nature, location, source, ownership, and control of these proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), to wit, VERNER, BILYUCHENKO, and their co-conspirators conducted numerous financial transactions in furtherance of the scheme to steal Bitcoins from Mt. Gox that were designed to conceal and disguise the nature, location, source, ownership, and control of proceeds of the Mt. Gox Hack.

(Title 18, United States Code, Section 1956(h).)

Forfeiture Allegations

15. As a result of committing the offense alleged in Count One of this Indictment, ALEKSANDR VERNER and ALEXEY BILYUCHENKO, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

Substitute Assets Provision

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ALEXANDER VERNER and
ALEXEY BILYUCHENKO,

Defendants.

**SEALED INDICTMENT**

19 Cr.

(18 U.S.C. § 1956(h).)

GEOFFREY S. BERMAN
United States Attorney.

TRUE BILL

FOREPERSON

Sealed Indictment
Arrest Warrants Issued

KL
12/30/19

Stewart Aaron
USMJ